UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 22-50092 |
| | ) | Chapter 7 |
| RICHARD CLAUDE McARTHUR | ) | |
| SSN/ITIN xxx-xx-1441 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| NORTHERN HILLS COLLECTIONS, INC. | ) | Adv. No. 23-05002 |
| | ) | |
| Plaintiff | ) | DECISION RE: |
| -vs- | ) | PLAINTIFF NORTHERN HILLS |
| | ) | COLLECTIONS, INC.'S |
| RICHARD CLAUDE McARTHUR | ) | MOTION FOR SUMMARY JUDGMENT |
| | ) | |
| Defendant. | ) | |
| | ) | |

The matter before the Court is Plaintiff Northern Hills Collections, Inc.'s Motion for Summary Judgment (Doc. 21)[1] and Debtor-Defendant Richard Claude McArthur's Response (Doc. 22). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The Court enters these findings and conclusions pursuant to Fed.R.Bankr.P. 7052. For the reasons discussed below, the Court will deny Plaintiff's motion. The Court will schedule a second pre-trial conference with counsel to set a trial date regarding Plaintiff's claim against Debtor-Defendant.

**FACTS**

In or about July 2014, and the months that followed, Bret D. Green ("Green") and Debtor-Defendant Richard Claude McArthur ("McArthur") entered into discussions regarding a business transaction which entailed purchasing a hi-rail

---

[1] All citations to the docket refer to the docket in the adversary case (No. 23-05002) unless otherwise designated.

1

grapple truck and a railroad tamper to lease them to the railroads and to McArthur Construction (Doc. 21-10)(State Ct. Trial Tr., pp. 12-13). The business transaction required Green to fund $185,000.00 to purchase the assets (State Ct. Trial Tr., p. 23, l. 23 through p. 24, l. 11, p. 58, ll. 10-17, and p. 59, ll. 5-14). McArthur was in charge of purchasing the assets, and he bought a 2003 Sterling Hi-Rail Grapple Truck (VIN 2FZHAZAS73AK35608)("truck") and a 1978 Jackson 6500 Railroad Tamper (ATS41JM)("tamper") (State Ct. Trial Tr., p. 23, l. 23 through p. 25, l. 8). The truck was purchased for $82,000.00 and the tamper for $95,500.00 (Doc. 21-12)(Exh. 10, pp. 10-13). The truck and tamper were both purchased by McArthur or McArthur Construction with Green's funds (Doc. 21-12)(Exh. 10, pp. 10-13) (see also State Ct. Trial Tr., p. 58, ll. 10-17 and p. 59, ll. 5-14).

The business relationship broke down and Green sued McArthur in state court based on fraud, conversion, breach of contract, unjust enrichment, and replevin. (State Ct. File No. 40CIV15-413)(the "State Court Litigation")(see also Doc. 21-6, Exh. 2). McArthur answered Green's complaint and the parties completed depositions during the State Court Litigation (Docs. 21-7 and 21-8). There was no jury trial, and McArthur did not appear at the scheduled hearing in the State Court Litigation (State Ct. Trial Tr.). There were no findings of fact or conclusions of law found or entered by the state court[2] (Doc. 21-6, ¶1)(State Ct. J., File No. 40CIV15-413)(the "State Court Judgment"). The state court entered an uncontested judgment against McArthur and in favor of Green on or about October 25, 2016, in the amount of "$144,249.12, which sum is comprised of $89,249.12 in compensatory damages for fraud, $30,000 in damages for breach of contract (loan), and $25,000.00 in punitive damages," plus "prejudgment interest on such compensatory damages in the sum of $17,269.73." Id.

---

[2] The state court did not enter findings of fact or conclusions of law and found they were waived by Northern Hills at the hearing and by McArthur for failing to appear at the hearing pursuant to SDCL §15-6-52.

2

Green later sold, assigned, and transferred his claim against McArthur under the State Court Judgment to Plaintiff Northern Hills Collections, Inc. ("Northern Hills")(Doc. 1, Exh. C). McArthur filed a chapter 7 bankruptcy on or about December 12, 2022 (Bankr. No. 22-50092). Northern Hills was listed as a creditor on McArthur's bankruptcy schedules. Id. at Doc. 1, p. 20. Northern Hills filed this adversary proceeding objecting to the dischargeability of the debt owed to it by McArthur on or about March 1, 2023, and filed this summary judgment motion on or about June 2, 2023 (Docs. 1 and 21). McArthur timely filed a response to Northern Hills' summary judgment motion (Doc. 22).

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law. Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(a); McManemy v. Tierney, 970 F.3d 1034, 1037 (8th Cir. 2020). An issue of material fact is *genuine* if the evidence would allow the trier of fact to return a verdict for either party. Rademacher v. HBE Corp., 645 F.3d 1005, 1010 (8th Cir. 2011). A fact is *material* if it might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court considers the pleadings, discovery, and any affidavits when reviewing for summary judgment. Wood v. SatCom Marketing, LLC, 705 F.3d 823, 828 (8th Cir. 2013). The Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Tolan v. Cotton, 572 U.S. 650, 656 (2014)(quoting Anderson, 477 U.S. at 249).

When filing a summary judgment motion, the movant has the burden to show the parts of the record that demonstrate the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Gibson v. American Greetings Corp., 670 F.3d 844, 853 (8th Cir. 2012). The party opposing

3

the discharge of a particular debt has the burden of proving the debt is non-dischargeable by a preponderance of the evidence. Stefani v. Hiltz (In re Stefani), 2007 WL 1960591, at *2 (Bankr. D.S.D. July 2, 2007); First Western Bank, Deadwood v. Brink (In re Brink), Adv. 02-5014, slip op. (Bankr. D.S.D. Feb. 7, 2003) (citing Grogan v. Garner, 498 U.S. 279, 286-88 (1991) and Valley National Bank v. Bush (In re Bush), 696 F.2d 640, 644 n.4 (8th Cir. 1983). The movant meets his burden if he shows the record does not contain a genuine issue of material fact and he points out the part of the record that bears out his assertion. Handeen v. LeMaire, 112 F.3d 1339, 1346 (8th Cir. 1997).

Once the movant has met his burden, then the burden shifts to the non-movant. The non-moving party must advance specific facts to create a genuine issue of material fact to avoid summary judgment. F.D.I.C. v. Bell, 106 F.3d 258, 263 (8th Cir. 1997). The non-moving party must do more than show there is some metaphysical doubt; he must show he will be able to put on admissible evidence at trial proving his allegations. Id.

However, the matters must be viewed in the light most favorable to the party opposing the motion. Bell at 263; Amerinet, Inc. v. Xerox Corp., 972 F.2d 1483, 1490 (8th Cir. 1992) (quoting therein Matsushita Elec. Industrial Co. v. Zenith Radio, 475 U.S. 574, 587-88 (1986), and citations therein). The non-moving party is entitled to all reasonable inferences that can be drawn from the evidence without resorting to speculation. P.H. v. School District of Kansas City, Missouri, 265 F.3d 653, 658 (8th Cir. 2001).

Furthermore, the statutory exceptions to discharge are construed narrowly in the debtor's favor. Werner v. Hofmann, 5 F.3d 1170, 1172 (8th Cir. 1993). Any evidence presented must be viewed consistent with the congressional intent that exceptions to discharge be narrowly construed against the creditor and liberally construed for the debtor, thus effectuating the fresh start policy of the Bankruptcy Code. Caspers v. Van Horne (In re Van Horne), 823 F.2d 1285, 1287 (8th Cir. 1987).

4

**II. Collateral Estoppel**

The Court can grant summary judgment if it determines collateral estoppel principles preclude it from conducting further proceedings on issues that have been litigated and ruled upon previously. Fischer v. Scarborough (In re Scarborough), 171 F.3d 638, 641 (8th Cir. 1999).

Northern Hills initially argues res judicata in its Brief in Support of Motion for Summary Judgment (Doc. 21-2, pp. 6-8). However, res judicata, or claim preclusion, does not apply in nondischargeability proceedings in bankruptcy court. Brown v. Felsen, 442 U.S. 127, 138-39 (1979); Henson v. Garner (In re Garner), 881 F.2d 579, 581 (8th Cir. 1989) ("In Brown v. Felsen the Supreme Court concluded that the exclusive jurisdiction granted to bankruptcy courts to resolve questions of dischargeability under section 17a(2)[3] of the Bankruptcy Act also prevented the application of claim preclusion—res judicata—to resolve questions of dischargeability."), rev'd on other grounds, 498 U.S. 279 (1991).

Next, Northern Hills argues collateral estoppel applies in this case. Collateral estoppel, or issue preclusion, does apply in nondischargeability proceedings brought under section 523. Grogan, 498 U.S. at 284, n.11 ("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to §523(a)"); Hidy v. Bullard (In re Bullard), 449 B.R. 379, 384 (B.A.P. 8th Cir. 2011) ("Collateral estoppel may apply in a dischargeability action brought under §523 of the Bankruptcy Code") (citing Grogan, 498 U.S. at 284, n.11). Bankruptcy courts can properly give collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge and which were actually litigated and determined in the prior action for fraud. Grogan, 498 U.S. at 284.

---

[3] At n.2, the Garner court adds: "Section 17 of the Bankruptcy Act was replaced by section 523 of the Bankruptcy Code, but the two provisions are substantially the same. Brown v. Felsen, 442 U.S. at 129 n.1."

Notwithstanding the above, the court "employs a flexible and pragmatic approach when assessing the preclusive effect of [another] court's order." First State Bank of Roscoe v. Stabler, 914 F.3d 1129, 1136 (8th Cir. 2019) (cited in Eletech, Inc. v. Jones (In re Jones), 648 B.R. 371, 380 (Bankr. D.Neb. 2022)). The court does "not make preclusion determinations in the abstract or in a vacuum." Id. Instead, it must "look to see what the underlying court actually said and what the parties communicated to one another and to the court about what they understood to be at issue in the underlying proceeding." Id at 380-81.

Issue preclusion, or collateral estoppel, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." Garrett v. Stock, 2023 WL 4409385, at *3 (D.S.D. July 7, 2023) (quoting Taylor v. Sturgell, 553 U.S. 880, 892 (2008))(quoting New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001)); see also Healy v. Fox, 46 F.4th 739, 745 (8th Cir. 2022). "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).

"The substantive law of the forum state applies to determine the collateral estoppel effect of a state court judgment." In re Bullard, 449 B.R. at 384 (see In re Scarborough, 171 F.3d at 641; State of Minn. v. Moretto (In re Moretto), 440 B.R. 534, 538 (8th Cir. B.A.P. 2010)). Therefore, this Court will look to South Dakota law to determine what preclusive effect should be given to the state court judgment that Northern Hills obtained against McArthur. Under South Dakota law, the four factors to determine whether issue preclusion applies are:

(1) whether the issue decided in the prior adjudication is identical to the present issue;
(2) whether there was a final judgment on the merits;
(3) whether the parties in the two actions are the same or in privity; and

6

> (4) whether there was a full and fair opportunity to litigate the issue in the prior adjudication.

Healy Ranch, Inc. v. Healy, 978 N.W.2d 786, 799 (S.D. 2022)(citing Dakota, Minn. & E. R.R. Corp. v. Acuity, 720 N.W.2d 655, 661 (S.D. 2006); see also Garrett v. Stock, 2023 WL 4409385, at * 4.

    The second element is satisfied in this case as the state court judgment was a final judgment because it was "sufficiently firm to be accorded conclusive effect." Bank of Hoven v. Rausch, 449 N.W.2d 263, 265 (S.D. 1989). "The criteria for determining finality are whether the parties were fully heard and whether the decision was deliberated and firm, subject to appeal, and procedurally definite." Riis v. Shaver, 458 F.Supp.3d 1130, 1165 (D.S.D. 2020). McArthur filed an answer to the state court complaint, he participated in the state court discovery but failed to appear at the state court trial, a judgment was entered, the appeal time has run and any other rights which could affect the judgment have lapsed. Therefore, a final judgment on the merits was rendered by the state court against McArthur. Peterson v. La Croix, 420 N.W.2d 18 (S.D. 1988). The third element is also satisfied because the parties are the same or in privity with a party - Northern Hills (through assignment from Bret Green) and McArthur. The fourth element pertains to the parties' right to have a full and fair opportunity to litigate the issues in the prior state court proceeding. This element is met because McArthur had notice of the state court hearing and had the opportunity to appear, litigate, and present his defense at that hearing. Lande v. Billings Hospitality, Inc., 2008 WL 4180002, at *7 (D.Mont. Sept. 10, 2008)(interpreting South Dakota preclusion law); see also Schmidt v. Zellmer, 298 N.W.2d 178, 180 (S.D. 1980). The first element, however, is not as simple and needs further discussion.

    The first element is whether the fraud found in the prior state court adjudication is identical to the present issue of the nondischargeability action in bankruptcy court. Collateral estoppel prevents only relitigating issues that were

7

actually litigated in a prior proceeding. Nelson v. Hawkeye Sec. Ins. Co., 369 N.W.2d 379, 381 (S.D. 1985).  In order to find that Northern Hills has proven this element, the Court must make a "determination of the precise issues" litigated and decided in the state proceeding and the issues raised in this present case. SDDS, Inc. v. State of S.D., 994 F.2d 486, 493 (8th Cir. 1993)(citing Melbourn v. Benham, 292 N.W.2d 335, 338 (S.D. 1980)).  These issues must be identical for collateral estoppel to apply. Id. (citing Staab v. Cameron, 351 N.W.2d 463, 465 (S.D. 1984)).  "[I]ssue preclusion only bars a point that was actually and directly at issue in a former action and was judicially passed upon and determined by a domestic court of competent jurisdiction." American Family Ins. Group v. Robnik, 787 N.W.2d 768, 775 (S.D. 2010)(citing Sodak Distributing Co. v. Wayne, 93 N.W.2d 791, 794 (S.D. 1958)). Therefore, if there was no finding as to a particular question of fact or law in the prior proceeding, collateral estoppel does not apply. Id.   This is where Northern Hills' argument is severely lacking.

Northern Hills relies solely on collateral estoppel to seek summary judgment, but in order to be successful Northern Hills must identify specific findings in the original, predicate state court decision that support a nondischargeability judgment in its favor here. State of New York v. Khouri (In re Khouri), 397 B.R. 111,117 (Bankr. D.Minn. 2008).  Then Northern Hills must link those elements of the state court fraud to those elements of nondischargeability under 11 U.S.C. §523(a)(2)(A) to prove that all material facts have been established, and that all of the elements of its nondischargeability claim are settled. Id.  These are discussed in further detail below, but it does not appear Northern Hills has proven the first element of collateral estoppel.  To decide whether Northern Hills has satisfied its burden, the Court will review the state court record and compare it to the required elements under 11 U.S.C. §523(a)(2)(A).

8

### III. False Pretenses, False Representation, or Actual Fraud under 11 U.S.C. §523(a)(2)(A)

Northern Hills alleges that its claim against McArthur is nondischargeable under 11 U.S.C. §523(a)(2)(A)[4] because of the state court judgment it obtained pre-petition. However, in order for Northern Hills to succeed with its collateral estoppel argument, it must be able to link the issues decided by the state court to its nondischargeability claim under section 523(a)(2)(A). 11 U.S.C. §523(a)(2)(A) excepts from an individual debtor's discharge any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's financial condition.

The elements of 11 U.S.C. §523(a)(2)(A)[5] require a creditor to prove, by a preponderance of the evidence, that a debtor:

(1) made a representation,
(2) with knowledge of its falsity,
(3) deliberately for the purpose of deceiving the creditor,
(4) who justifiably relied on the representation, and which
(5) proximately caused the creditor damage.

Excellent Home Properties, Inc. v. Kinard (In re Kinard), 998 F.3d 352, 354-55 (8th

---

[4] Northern Hills also included a passing reference to 11 U.S.C. §523(a)(4) in its brief as an alternative basis for its claim. However, this was not pled in its complaint, but instead raised for the first time in its summary judgment motion, and thus was not properly brought before the Court.

[5] With the lack of elements identified in the state court fraud determination, without the findings of fact from the state court to prove that the elements were actually and necessarily decided, and because neither Northern Hills' adversary complaint nor its summary judgment motion properly pled 11 U.S.C. §523(a)(2)(A), this Court cannot at this time visit the question of whether the elements of §523(a)(2)(A) should be broadened under Husky International Electronics, Inc. v. Ritz, 136 S. Ct. 1581 (2016).

9

Cir. 2021) (citing Hernandez v. General Mills Federal Credit Union (In re Hernandez), 860 F.3d 591, 602 (8th Cir. 2017)); Treadwell v. Glenstone Lodge, Inc. (In re Treadwell), 637 F.3d 855, 860 (8th Cir. 2011).  In addition, a creditor must also prove that the statement is not one respecting a debtor's financial condition. Lamar, Archer & Cofrin, LLP v. Appling, 138 S. Ct. 1752 (2018).

"To succeed in having [debtors'] debt excepted from discharge pursuant to § 523(a)(2)(A), the [creditors] were required to prove that the [debtors] obtained money or property from them concurrent with the [debtors'] misrepresentation." Marcusen v. Glen (In re Glen), 639 F.3d 530, 533 (8th Cir. 2011).  Further, whether a creditor *justifiably* relied on the debtor's representation requires a consideration of the qualities and characteristics of the particular creditor and the circumstances of the particular case.  The Supreme Court has defined justifiable reliance as the standard applicable to a creditor's conduct where, "under the circumstances, the facts should be apparent to one of his knowledge and intelligence from a cursory glance, or he has discovered something which should serve as a warning that he is being deceived, that he is required to make an investigation of his own." Field v. Mans, 516 U.S. 59, 71 (1995).  In the Field decision, the Supreme Court stated that a party is justified in relying on a representation of fact although the party might have ascertained the falsity of the representation had it made an investigation.  However, the Court emphasized that "creditors could not turn a blind eye where a patent falsity could be determined by a cursory examination or investigation." Islamov v. Ungar (In re Ungar), 633 F.3d 675, 679 (8th Cir. 2011) (citing Field v. Mans, 516 U.S. at 71).

Northern Hills has failed to point to or link the elements of the state court judgment to the elements required to be successful on its motion for summary judgment.  More importantly, the parties waived findings of fact by the state court, so this Court cannot determine if the state court judge addressed all of the elements of 11 U.S.C. §523(a)(2)(A), and Northern Hills has failed to set forth any facts to

10

prove the state court did so. The party objecting to the dischargeability of a debt has the burden of proving each element by a preponderance of the evidence. Grogan, 498 U.S. at 286-87.

In comparing the elements of 11 U.S.C. §523(a)(2)(A) to those of state court fraud, this Court may be able to find some elements that are similar, but without findings of fact and conclusions of law it is difficult to determine which representations or conduct the state court judge relied upon to find fraud. In addition, when reviewing the record, it does not appear all of the elements of 11 U.S.C. §523(a)(2)(A) were actually litigated and determined in the state court proceeding, nor does it appear the full state court record is in front of this Court as some exhibits are missing.

Specifically, one place Northern Hills fails on its collateral estoppel argument is with the justifiable reliance element. It appears from the state court trial transcript the state court failed to address justifiable reliance in any finding of fact and did not make any conclusions of law that contained the standard for "justifiable" reliance. Furthermore, Northern Hills failed to point to any part of the state court ruling that shows the state court accepted evidence on justifiable reliance and found that Northern Hills justifiably relied on McArthur's representations as part of the state court's fraud determination.

In addition, Northern Hills failed to prove the statements used to determine state court fraud were not statements respecting McArthur's financial condition. First, it was difficult to ascertain which statements the state court used to find fraud because of the lack of findings. In addition, the record presented by Northern Hills did not address anything in regard to this element nor is the Court able to find anything in the state court record to indicate McArthur's statements were not statements regarding his financial condition.

Collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. Brown v. Felsen, 442 U.S. 127 (1979). Nothing in the record

11

conclusively proves these missing elements were present. McDole v. Arensdorf (In re Arensdorf), 1999 WL 33456230 (Bankr. N.D.Iowa 1999). For the reasons stated herein, this Court finds Northern Hills has failed to prove that all of the elements of 11 U.S.C. §523(a)(2)(A) were actually and necessarily decided by the state court.

### CONCLUSION

Northern Hills relies on the state court judgment to establish all of the elements of nondischargeability under 11 U.S.C. §523(a)(2)(A) as a matter of law, but the judgment only stated that McArthur committed "fraud," without stating any findings or discussion of the justifiableness of Northern Hills' reliance, identifying the statements or actions by McArthur to obtain the money from Northern Hills, and determining that the statements by McArthur were not statements regarding his financial condition. These omissions are critical because a finding of these elements cannot be inferred from a bald finding of fraud. Therefore, the state court's bald finding of fraud is insufficient to establish all of the elements of 11 U.S.C. §523(a)(2)(A).

Northern Hills has failed to meet its burden of showing that all of the elements of 11 U.S.C. §523(a)(2)(A) have been met, and the record shows genuine questions of material fact remain to be resolved. As such, Northern Hills is not entitled to judgment as a matter of law. The Court will therefore enter an order denying its motion for summary judgment.

So ordered:   August 29, 2023.

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered
on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

BY THE COURT:

Laura L. Kulm Ask
Bankruptcy Judge